UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

UNITED STATES OF AMERICA,

v.

JESSE WEBSTER,
08899-424.

No. 99 C 6510
Judge James B. Zagel

## MEMORANDUM OPINION AND ORDER

Petitioner was convicted of conspiracy with intent to distribute kilogram quantities of cocaine, possession with intent to distribute fifteen kilograms of cocaine, attempted possession with intent to distribute twenty-five kilograms of cocaine and two counts of false statements on his 1992 and 1993 tax returns. I sentenced him to life in prison under a mandatory guideline regime. His conviction and sentence were upheld on appeal. *United States v. Webster*, 151 F.3d 1034 (7th Cir. 1998) (1998 WL 322595). Certiorari was denied October 8, 1998 and he filed for § 2255 relief. About eighteen months later, he sought to add more claims by amendment to the petition.

I examine his claims to determine (1) whether those in the amended petition relate back to the original petition under *Mayle v. Felix,* 545 U.S. 6444 (2005), (2) whether any of the claims are properly raised in a post-appeal § 2255 petition, and (3) whether any of the non-foreclosed claims have merit. I may also weigh the merits of foreclosed claims.

    A.    Ineffective Assistance of Counsel at Trial and Appeal

Some of these claims were timely raised, but the amendment added four specifications.[1]

---

[1] Failure to object to a tax court instruction, to request limiting instruction, and to raise an *Apprendi* claim concerning drug quantity. All of these three claims could have been raised on direct appeal. The fourth claim, counsel's alleged failure to review and use impeachment material, would not be an issue that could be decided on the appellate record.

Three of these four (the ones that could have been raised on appeal) should not, I think, be deemed to relate back to the original ineffectiveness claim and are time-barred.

The original allegation of ineffective counsel was based on failures to investigate, to inform the client of a conflict of interest, to refuse stipulations, to tender instruction on using transcripts, and failure to object to evidence not admitted at trial. Three of the later allegations are just over the borderline that would distinguish new grounds from grounds that relate back. I go on to examine their merits.

Judicial examination of claims of ineffective assistance of counsel requires considerable deference to the judgment of defense counsel. Objective standards of reasonableness apply and, even where performance is deficient, prejudice to the defendant must be shown. *United States v. Lindsay,* 157 F.3d 532 (7th Cir. 1998), *Strickland v. Washington,* 466 U.S. 668 (1984).

Failure of counsel to tender instructions on use of audio transcripts, and, in particular, Transcript 14, was reasonable. There were no significant discrepancies between tape and transcript cited by Petitioner and none I recall from the trial. What was inaudible could not be considered because it was inaudible, and inaudible portions were not substantial. The bottom line is that Petitioner does not show prejudice.

The claim of failure to offer a limiting instruction under Rule 404(b) is, at bottom, an attack on the Rule 404(b) evidence, a claim to be raised on appeal, not here. It is reasonable for a lawyer to decide that limiting instructions do not help, and may hurt, by directing attention to the evidence which was not all that strong. That other lawyers would reasonably hold a contrary view does not make the case for Petitioner.

The failure to object to materiality on the tax counts was not of significance in this case. Failure to report income is obviously material, as is evidence of cash expenditures twice the amount

of declared income. A rational jury would always find materiality in these circumstances. Reasonable counsel in this case might well think that to argue materiality to a jury would hurt his client. Absence of objection on the point did not prejudice Petitioner.

Defense counsel's stipulation to the admission of money orders and receipts is within the range of reasonableness in light of expert evidence linking handwriting and the money orders to Petitioner.

The uncalled witnesses were not constitutional-class mistakes of counsel – decisions outside the range of reasonableness. Calling a witness to say that she (Mrs. Bussle) had not purchased a car from Petitioner was, in the context of this case, a minor glitch in the prosecution's narrative. Proving a prosecution witness (a DEA agent) is wrong about a relatively unimportant detail is often taken by a jury to be a concession of all else. The other witness whose supposed testimony is not supported by affidavit or other exhibit would reasonably be deemed useless to the defense. The prosecution did not need to prove where Petitioner purchased the equipment found in his home.

The decision about how to cross-examine two witnesses was reasonable. James was well cross-examined, and the decision not to challenge Special Agent Glynn about a purchase of a car from Petitioner is, as explained above, not unreasonable.

The conflict of interest issue arises because counsel received a subpoena inquiring about the fees he was paid by Petitioner. How this is a "conflict" is unexplained. Generally speaking, a lawyer asked about fees received from a client is utterly uninterested in incriminating his client. If the lawyer has any interest at all, it is to see his client is acquitted. There is no indicia that trial counsel feared incrimination.

Finally, failure to anticipate *Apprendi* is not ineffectiveness. *United States v. Smith,* 241 F.3d 546 (7th Cir. 2001).

B.   Insufficient Evidence To Prove Attempt

This is a non-constitutional claim outside the ambit of § 2255 that could have been argued on appeal and is barred here.

C.   Sentencing Claims

All of these claims are matters to be raised on appeal and in a § 2255 proceeding.

The discrepancy between oral and written sentence was not raised until well over a year had passed since certiorari denial. The claim does not relate back. It could have been raised on direct appeal and is here waived.

The other three claims of sentencing error were raised on appeal and lost. There is no right to bring them here and now.

D. Jury Deliberation

The last issue raised by Petitioner came late in 2000. Petitioner's counsel discovered that the docket sheet of the criminal case indicated that on November 29, 1995 the records showed that one juror was absent. A docket entry stated that the jury deliberated that day. The next day, the absent juror appeared and the twelve jurors deliberated and around noon indicated that it had reached the verdict that is the foundation for the judgment in this case. Petitioner's counsel wanted to have the jurors interviewed, a request I denied for two reasons. One is the general policy against interviewing jurors about what happened in the jury room. The other is that the claim is one for fraud on the court, which arises from an act of the bailiff and not an act of the jurors. I did recognize that it might, in time, become essential to interview the jurors. Later on, I proposed a procedure by which an investigator appointed by me would conduct such interviews and, on the basis of those results, I

would decide whether to permit testimony by some or all jurors.[2] The sensitivity of investigating this claim and the difficulties securing evidence are largely responsible for the delay in deciding this case.

There is no question that it is improper for eleven jurors to deliberate in the absence of the twelfth juror whether or not prejudice can be shown. *United States v. Araujo,* 62 F.3d 930 (7th Cir. 1995). If it is shown that eleven members of the jury deliberated, then the judgment has to be vacated.

The petitioner has not raised the issue as part of the § 2255 petition. There is a barrier to its consideration under that statute. The materials on which the claim is based were part of the record in this court. The docket entries clearly showed the absence of the juror and clearly stated that the jury deliberated. Yet the matter was not raised on appeal and was not raised until well after the time for filing a § 2255 petition had expired. The claim is utterly unrelated to any of the issues raised in the original petition and does not relate back. So, as a § 2255 claim, it is either defaulted or untimely or both. It is not a claim of constitutional dimensions either. The violation of Rule 23 of the Federal Rules of Criminal Procedure arises from common law and not the Constitution, at least here, because Petitioner was convicted by a jury of twelve, not eleven.

---

[2] I proposed this procedure despite the fact that the questions asked did not fall within the ambit of facts to which a juror may testify under Rule 606(b) of the Federal Rules of Criminal Procedure. *See United States v. Frost,* 125 F.3d 346 (6th Cir. 1997). My willingness to do so was based on the exceptional procedural leeway given to courts when fraud on the court is alleged with support from the official records of this court, and the alleged perpetrator of the fraud is deceased. Moreover, I provided for a tightly controlled interview process and interposed a court investigator between the juror and the parties and their counsel. I am satisfied that the procedure worked well here, but I doubt I would use it again. The experience demonstrated what lawyers have long believed – jurors seldom remember the details of their service in a consistent way and even the memories they do have fade quickly with time.

Petitioner's counsel, cognizant of this procedural barrier to the claim, has filed a motion to set aside judgment procured by fraud upon the court, an issue that might possibly be raised in light of the savings clause of Rule 60(b) of the Federal Rules of Civil Procedure.[3] While the government, wisely, does not concede, as a matter of principle, that this non-§ 2255 remedy is available, it does not object to its use in this case, and I think it is prudent to decide the motion on its merits.

The fraud by an officer of the court is the failure of court personnel to inform me that the jury was deliberating in the absence of a juror. This claim depends upon an officer of the court knowing the jury was deliberating and failing to inform me. Frauds upon the court are not committed accidentally. In the words of the motion:

> The bailiff (or another . . . court official) acted with a purposeful intent to deceive the court into thinking that a proper jury deliberation was taking place. The bailiff's conduct, in blatant violation of court rules, could only have been deliberate. There is no way that a bailiff could have innocently locked the jury into the jury room and told them to continue deliberations knowing that a juror was missing.

To make his case, Petitioner has to show the bailiff acted with fraudulent intent. It is argued such intent is shown by the fact that the bailiff knew he was short a juror and yet placed the jury into the jury room and told them to continue deliberations without informing the court.

The bailiff, a Court Security Officer (CSO), is deceased – a fact unknown at the time the motion was filed, and his account of events is unavailable. Because of this, I ordered an investigator I appointed to interview each juror, except the absent juror, in accordance with a written set of

---

[3] There is not much law on the subject. All the decisions are clear that fraud on the court, like any fraud, is an intentional act and, when it exists, can be raised at any time because it invokes the inherent power of the court to correct judgments that never become final because they were procured by fraud. *See Kenner v. C.I.R.,* 387 F.2d 689, 691 (7th Cir. 1968); Wright, et al. *Federal Practice and Procedure,* §§ 2868-2870; Moore, *Federal Practice-Civil,* § 60. There is no obvious history of the use of motions based on fraud on the court in criminal cases.

directions setting forth each question and a definition of "deliberation" to be read to the juror. Due to the temporary unavailability of one or two of the jurors, the interviews were not completed until early 2006.

The jurors, who were interviewed many years after the verdict, had incomplete memories of the deliberations. There was understandable confusion about which days the jury sat and about who sat. Seven jurors could not recall a day when one of their members was absent. Three did recall such a day but remembered, incorrectly, that an alternate juror was seated. Another juror did recall that a male juror did not appear during trial (not during deliberations) but did come back the next day. None of the jurors recalled a day in which they were sent home early, an event which would have occurred if the normal practice regarding such events in this courthouse had been followed. None of the jurors recalled deliberating with less than all of the jurors.

It is the burden of Petitioner to prove fraud on the court and this he has not done. There is nothing in the jurors' collective recollections that would justify a conclusion that there was deliberation in the absence of a juror. More importantly, there is no evidence that they were instructed to deliberate by a bailiff. And this absence of proof is particularly significant since it is undisputed that the practice in my courtroom, and those of all others in this courthouse, is to send jurors home when the jury is incomplete in a criminal case.[4] In short, it has not been proved either that the jury did deliberate or that the bailiff told them to do so.

Even if it were proved that the bailiff gave this instruction, then, at worst, a bailiff committed a careless error, a negligent act, of absent mindedly telling a jury to deliberate when assembling them

---

[4] Few jurors would be likely to conclude, in any event, that they could do anything in the absence of the entire jury. By the time a trial of this length is over, they will ordinarily have experienced waiting for a late juror in the morning or after lunch or while a juror or two attends to personal needs.

7

in the jury room. Indeed, there is no evidence that court security officers routinely instruct a jury to deliberate each day as they close the door on the assembled jurors. A CSO would have no motive or reason for improperly telling a jury to deliberate when they should not do so. This is not the intentional fraud, the perjury and, probably, not the reckless conduct that can justify application of the fraud on the court doctrine even if it did occur.

The petition for relief under § 2255 is denied. The motion to set aside judgment procured by fraud upon the court is denied.

ENTER:

_____
James B. Zagel
United States District Judge

DATE: March 20, 2009